**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000354**
**07-APR-2026**
**08:01 AM**
**Dkt. 55 SO**

NO. CAAP-24-0000354

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MIGUEL ALFREDO AQUINO-MARTINEZ, also known as
MIGUEL AQUINO-MARTINEZ, also known as
MIGUEL AQUINO, also known as
"Fernando from Badoo", Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-23-0000212)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and Guidry, JJ.)

In this prosecution of Defendant-Appellant Miguel Alfredo Aquino-Martinez (**Aquino-Martinez**) for first-degree electronic enticement of a child, Aquino-Martinez appeals from an order denying his motion to suppress evidence of text messages that Aquino-Martinez exchanged with an undercover agent posing online as a minor. We affirm.

Aquino-Martinez appeals from the "Findings of Fact and Conclusions of Law, and Order Denying Defendant's Motion to Suppress Evidence Stemming from Violation of Constitutional Right to Privacy" (**Suppression Order**) filed on April 4, 2024, by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

On appeal, Aquino-Martinez raises two points of error (**POEs**), contending that the Circuit Court erroneously denied his motion to suppress (**motion**) because **(1)** Aquino-Martinez's "constitutionally protected right to privacy was violated by police"; and **(2)** "the government violated Hawaii's Wiretap Act," Hawaii Revised Statutes (**HRS**) § 803-42 (**Wiretap Act**),[2] "by engaging in electronic eavesdropping without a warrant."[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the contentions as follows.

Plaintiff-Appellee State of Hawai'i (**State**) charged Aquino-Martinez in a May 2, 2023 Felony Information, with two counts of Electronic Enticement of a Child in the First Degree under HRS § 707-756(1),[4] arising out of an electronic enticement

---

[1]    The Honorable Michelle L. Drewyer presided.

[2]    HRS § 803-42 (2014) generally prohibits the interception, access, and disclosure of wire, oral, or electronic communications in subsection (a). Subsections (b)(1) through (b)(11) set forth various exceptions to the general prohibition.

[3]    We have numbered Aquino-Martinez's POEs. See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) (requiring numbered POEs).

[4]    A person is guilty of electronic enticement of a child in the first degree under HRS § 707-756 (2014) if the person "[i]ntentionally or knowingly communicates" while using an electronic device, "[w]ith another person who represents that person to be under the age of eighteen years[,]" "[w]ith the intent to promote or facilitate the commission of a felony[,]" and "[i]ntentionally or knowingly travels to the agreed upon meeting place at the agreed upon meeting time[.]"

2

operation during which undercover law enforcement officials posed online as minors so they could identify individuals pursuing sexual encounters with children.

On February 13, 2024, Aquino-Martinez filed a motion to suppress evidence obtained through the sting operation, claiming violations of Aquino-Martinez's constitutionally protected privacy rights under article I, section 7 of the Hawaiʻi Constitution.[5]

Following a March 1, 2024 hearing on the motion, on April 4, 2024, the Circuit Court issued its Suppression Order, which Aquino-Martinez timely appealed.

**(1)** Aquino-Martinez argues that because the sting operation involved law enforcement "surreptitiously setting up false, misleading profiles as a fake 'third party' in order to induce persons online to engage in private 'sexting' conversations," Aquino-Martinez's reasonable expectation of privacy under article I, section 7 of the Hawaiʻi Constitution was violated.[6]  Additionally, Aquino-Martinez argues that because the content of his messages was sexually explicit and revealed "intimate details" of his life, society would deem his privacy expectation reasonable.

Aquino-Martinez relies on State v. Walton, 133 Hawaiʻi 66, 96-97, 324 P.3d 876, 906-07 (2014), where the Hawaiʻi Supreme Court held that disclosure of information to third parties does not automatically place it beyond the scope of constitutional

---

[5]    This constitutional provision protects a person's right "against unreasonable searches, seizures and invasions of privacy" and requires probable cause to support a warrant for such searches and seizures.  Haw. Const. art. I, § 7.

[6]    Aquino-Martinez also cites article I, section 6 of the Hawaiʻi Constitution but does not argue its applicability to the facts of this case. See HRAP Rule 28(b)(7).

privacy protections.  The Walton court explained that where information has been voluntarily disclosed to third parties, the relevant inquiry as to whether that information is protected by a constitutional right to privacy is "whether [the defendant] h[as] a legitimate expectation that such information would not be shared with others."  Id. at 97, 324 P.3d at 907 (citations omitted).

Aquino-Martinez's reliance on Walton is inapt because Walton involved disclosure of private information to a third party.  This case involves a consensual participant recording, which has been upheld in Hawai‘i.  See State v. Lee, 67 Haw. 307, 309, 686 P.2d 816, 817 (1984) ("[T]here is no reasonable expectation of privacy in consensual recording[.]").  In Lee, where an undercover officer posing as a patient made warrantless recordings of visits to a defendant doctor suspected of illegal drug promotion, the Hawai‘i Supreme Court held that because the officer "consented to the recordings," "was a participant in the conversations[,]" and was "free to testify in court" about the conversations' contents, "the recordings [were] merely reliable corroboration of the conversations" and should not be suppressed.  Id. at 310, 686 P.2d at 818.

Here, the undercover agent was a direct participant in conversations with Aquino-Martinez, and the recordings served to corroborate a conversation that she participated in, consented to, and could freely testify about, for which there was no reasonable expectation of privacy.  See id.  The evidence at issue was recovered from law enforcement resources (*e.g.*, a screenshot of online chats taken from the device used by the undercover agent) and was not taken from Aquino-Martinez's cell phone.  The Circuit Court correctly denied Aquino-Martinez's motion to suppress by concluding that Aquino-Martinez's privacy

4

right under article I, section 7 of the Hawaiʻi Constitution was not violated.  See State v. Pickell, 154 Hawaiʻi 50, 53, 544 P.3d 1287, 1290 (2023) (reviewing motion to suppress ruling de novo).

**(2)** Aquino-Martinez argues that the Wiretap Act's participant recording exception[7] is inapplicable here because "the conversation in this case was specifically between the Defendant and the fictitious persona 'Kenna,'" and thus the undercover agent "was not a party to the conversations as defined under the statute" and "illegally interceded as a third party without a warrant[.]"  This argument is unpersuasive.

Under the plain language of HRS § 803-42(b)(4), "a person acting under color of law" such as the undercover agent in this case, is specifically excluded from the Wiretap Act. The undercover agent's deception is not relevant to determine whether the participant recording exception under HRS § 803-42(b)(4) applies.  The Circuit Court correctly concluded that the exception applied.  See id. (reviewing conclusions of law under the right/wrong standard).  The Circuit Court's denial of the motion to suppress on this ground was correct.  See id.

For the foregoing reasons, we affirm the April 4, 2024 "Findings of Fact and Conclusions of Law, and Order Denying Defendant's Motion to Suppress Evidence Stemming from Violation

---

[7]  HRS § 803-42(b)(4) (2014), the participant recording exception in the Wiretap Act, permits a law enforcement officer who participates in the communication to intercept that communication, as follows: "[i]t shall not be unlawful under this part for a person acting under color of law to intercept a wire, oral, or electronic communication, when the person is a party to the communication[.]"

of Constitutional Right to Privacy," filed by the Circuit Court of the Second Circuit.

DATED:  Honolulu, Hawaiʻi, April 7, 2026.

On the briefs:

Brandon M. Segal,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge